UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEY D. GONZALEZ RAMOS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADR VANTAGE, INC. et al., )<br>)<br>Defendants. )<br>) | Case No. 21-cv-00592 (APM) |

## MEMORANDUM OPINION

### I.

This action arises out of statements made in legal filings in *Gonzalez Ramos v. ADR Vantage, Inc.* (*Gonzalez Ramos I*), No. 18-cv-1690 (APM), 2021 WL 4462611 (D.D.C. Sept. 29, 2021), *appeal docketed*, No. 21-7124 (D.C. Cir. Oct. 29, 2021). In that case, Plaintiff Joey Gonzalez Ramos alleged that his employer, the United States Department of Agriculture ("USDA"), had hired Defendant ADR Vantage, Inc. ("ADR Vantage") "to smear him in a climate-assessment report in retaliation for his protected activities at the agency." *Id.* at *1. He sued ADR Vantage for defamation, civil conspiracy, invasion of privacy, and intentional infliction of emotional distress. *Id.* During the contentious litigation that followed, Defendant John J. Murphy III ("Murphy")—counsel for ADR Vantage and member of Defendant law firm Walker, Murphy and Nelson, LLP ("Walker Murphy")—filed briefs containing the following statements:

1. "Equally disturbing, Plaintiff's actions are being funded in part by the United States through his paid administrative leave, all while he continues with the separate operation of his own law practice. To any objective observer, this is the epitome of waste, fraud and abuse." Def. ADR Vantage's Mot. for Summ. J., *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-1690 (APM) (D.D.C) [hereinafter *Gonzalez Ramos I* docket], ECF No. 55,

>    Mem. of P. & A. in Supp. of Def. ADR Vantage's Mot. for Summ. J., ECF No. 55-1 [hereinafter First Statement Filing], at 23.
>
> 2. "Plaintiff's attempt to create a 'discovery dispute' when he has failed to meet his own discovery obligations, along with prosecuting a lawsuit for back pay and future wages while collecting them from the United States and working in private practice at the same time, meets the literal and figurative definition of 'waste, fraud and abuse.'" Def. ADR Vantage's Opp'n to Pl.'s Mot. for Additional Discovery, *Gonzalez Ramos I* docket, ECF No. 82 [hereinafter Second Statement Filing], at 3.[1]

Plaintiff now contends that being accused of "waste, fraud, and abuse" is actionable. Plaintiff filed this action, alleging defamation per se, invasion of privacy, and intentional infliction of emotional distress ("IIED") under District of Columbia law and seeking compensatory and punitive damages. Compl., ECF No. 1. Defendants moved to dismiss the complaint, Defs.' Prelim. Mot. to Dismiss, ECF No. 6; in response, Plaintiff filed an amended complaint, First Am. Compl., ECF No. 10 [hereinafter First Am. Compl.]. Defendants moved to dismiss a second time based on the judicial-proceedings privilege and for failure to state a claim. Defs.' Prelim. Mot. to Dismiss Am. Compl., ECF No. 11 [hereinafter Defs.' Mot]. With that motion pending before the court, Plaintiff filed a motion to amend his complaint again. Pl.'s Opposed Mot. to Amend & Supplement First Am. Compl. by Interlineation, ECF No. 14 [hereinafter Pl.'s Mot. to Amend]. Defendants' motion to dismiss the amended complaint and Plaintiff's motion to amend are now

---

[1] The complaint does not provide citations to the court filings containing the allegedly defamatory statements. In his opposition, Plaintiff provides a citation to a February 22, 2021, court filing for the second statement. Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss[], ECF No. 13, at 1–2. As far as the court can tell, that filing does not contain the statement in question. Def. ADR Vantage's Renewed Mot. for Summ. J, *Gonzalez Ramos I* docket, ECF No. 88. The court was able to locate the challenged statement in the January 29, 2021, filing cited above. The court may consider matters of which it may take judicial notice at the motion-to-dismiss stage, and it may take judicial notice of public court filings in other cases. *See Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017).

before the court.  For the reasons that follow, the court grants the motion to dismiss and denies the motion to amend.

## II.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The factual allegations in the complaint need not be "detailed," but the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's factual allegations as true and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  The court need not accept as true either "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, then a court must grant the defendant's Rule 12(b)(6) motion.  *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

### III.

### A.

The court begins by addressing Defendant ADR Vantage's role in this action. Though the complaint names ADR Vantage as a defendant, First Am. Compl. ¶¶ 6–8, Plaintiff's actual claims do not specifically address any conduct or actions taken by ADR Vantage. Plaintiff refers in each of his counts to "Defendants" as a group, referring to ADR Vantage, Murphy, and Walker Murphy collectively. *See* First Am. Compl. ¶¶ 59–71, 74–76, 79–80, 84–89. But the specific claimed unlawful action or conduct that underlies each of the counts is the inclusion of two allegedly defamatory statements in court filings in *Gonzalez Ramos I*. *See id.* ¶¶ 56–57, 74, 84. The complaint attributes these statements to Defendants Murphy and Walker Murphy. *Id.* ¶¶ 56–57 (alleging that Murphy made the allegedly defamatory statements); *id.* ¶ 10 (alleging that Walker Murphy is "vicariously liable for Murphy's actions because he is an employee of the Firm").

The parties do not address this threshold issue, but it is abundantly clear what the applicable standard is: "[T]he weight of authority provides that a client generally is not vicariously liable for its attorney's torts, absent evidence that the client directed, controlled, authorized, or ratified the attorney's allegedly tortious conduct." *McDevitt v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 160, 171 (D.D.C. 2013). The complaint makes no allegations that ADR Vantage directed, controlled, authorized, or ratified the allegedly tortious conduct of Murphy and Walker Murphy. Defendants have moved to dismiss for failure to state a claim under Rule 12(b)(6). Defs.' Mot. Under the standard for such motions, the complaint fails to state a claim upon which relief can be granted as to ADR Vantage: Plaintiff has not "plead[ed] factual content that allows the court to draw the reasonable inference that [ADR Vantage] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court therefore dismisses all claims against ADR Vantage.

**B.**

Having disposed of the claims against ADR Vantage, the court turns to the central issue in dispute: whether Plaintiff's claims are "barred by absolute immunity under the judicial proceedings privilege." Defs.' Mot. at 2. The judicial-proceedings privilege "is well-settled in District of Columbia law." *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006). Under the privilege, "[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications . . . during the course and as a part of[] a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Id.* "[F]or the privilege to apply, 'two requirements must be satisfied: (1) the statement must have been made in the course of, or preliminary to[,] a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding.'" *Id.* (quoting *Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988)). Where the privilege applies, it is absolute. *Messina*, 439 F.3d at 760. "Courts in this District have previously dismissed defamation claims at the motion to dismiss stage when the facts alleged by the plaintiff showed that the communication was privileged," and the D.C. Court of Appeals has "signaled that trial courts should rule as early as possible on the existence of an absolute privilege." *Marsh v. Hollander*, 339 F. Supp. 2d 1, 7 (D.D.C. 2004).

Here, the first of the privilege's requirements is not in dispute. *See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss[], ECF No. 13 [hereinafter Pl.'s Opp'n], at 5–6 (making no argument that the statements were not made in the course of a judicial proceeding by counsel). The statements were made in court filings in *Gonzalez Ramos I*—a motion for summary judgment and an opposition to a motion for additional discovery—and so were clearly made as part of a judicial proceeding. *Cf. King v. Barbour*, 240 F. Supp. 3d 136, 142 (D.D.C. 2017) ("Allegations in a complaint clearly fall within the judicial proceedings privilege."). The question, then, is whether

5

the two allegedly defamatory statements were "related in some way to the underlying proceeding" in *Gonzalez Ramos I*. *Messina*, 439 F.3d at 760.

This relatedness requirement is "liberally construed"; the "communication need not be relevant in the legal sense," for example. *Id.* at 761. Rather, courts have found the relatedness requirement met where there is a "reasonable nexus" between the statement and the judicial proceeding. *Am. Petrol. Inst. v. Technomedia Int'l, Inc.*, 699 F. Supp. 2d 258, 268 (D.D.C. 2010). The inquiry requires "particularly close attention to the factual circumstances." *Id.* The court will therefore provide some elaboration on the context of the two challenged statements before determining whether they were related to *Gonzalez Ramos I*.

The first statement was made in a memorandum in support of a motion for summary judgment filed by ADR Vantage. First Statement Filing at 23. The statement appeared in the conclusion section of the memorandum, which purported to explain why the "context" of the case rendered "Plaintiff's complete and utter failure to generate any dispute which could survive summary judgment" unsurprising: as Defendants explained, "[t]he instant litigation against ADR is just part of a long series of EEOC complaints, civil lawsuits, and administrative actions initiated by the Plaintiff" through which "Plaintiff is wasting valuable resources within our judicial system and the Department of Justice." *Id.* Next came the challenged sentences: "Equally disturbing, Plaintiff's actions are being funded in part by the United States through his paid administrative leave, all while he continues with the separate operation of his own law practice. To any objective observer, this is the epitome of waste, fraud and abuse." *Id.* Finally, Defendants wrote, "[T]he instant case should come to a swift end before further judicial resources and taxpayer money [are] wasted on this ill-conceived litigation." *Id.* at 24.

The second statement appeared in ADR Vantage's opposition to a motion for additional discovery filed by Plaintiff—"the thirteenth . . . [such] motion filed by Plaintiff alleging some discovery dispute or nefarious conduct on the part of either ADR or the USDA." Second Statement Filing at 1. Plaintiff's discovery request arose out of the first statement: Plaintiff sought additional discovery to "confirm" that ADR Vantage had, in effect, obtained information about his administrative leave through improper means. Mot. for Additional Discovery, *Gonzalez Ramos I* docket, ECF No. 81. Among other arguments, ADR Vantage's opposition to the discovery motion explained the permissible basis for the first statement: it noted that both the appearance that Plaintiff was "practicing law while at the USDA" (by sending emails and filings during business hours) and counsel's "confidence that the United States government would comply with a lawful order of the [Merit Systems Protection Board to reinstate Plaintiff with salary and benefits] . . . supported" ADR Vantage's awareness of Plaintiff's administrative leave and private law practice. Second Statement Filing at 2–3. Responding to Plaintiff's "umbrage" with the first statement's reference to "waste, fraud and abuse," the opposition went on to cite dictionary definitions of each of those words. *Id.* at 3. This led directly into the second statement:

> Plaintiff's attempt to create a "discovery dispute" when he has failed to meet his own discovery obligations, along with prosecuting a lawsuit for back pay and future wages while collecting them from the United States and working in private practice at the same time, meets the literal and figurative definition of "waste, fraud and abuse."

*Id.* at 3.

Viewed in context, the challenged statements are not merely relevant to the litigation—they are central to the parties' competing theories of the case. Just as Plaintiff has argued from the outset that the USDA, ADR Vantage, and counsel for ADR Vantage have been waging a "smear"

campaign against him that he seeks to remedy through these lawsuits, *Gonzalez Ramos I*, 2021 WL 4462611, at *1, the notion that Plaintiff's "barrage of litigation," Defs.' Mot. at 2, is nonmeritorious, a "wast[e] [of] valuable resources," and a "crusade" based on Plaintiff's "belief there has been some grand conspiracy to besmirch his good reputation and terminate" his USDA employment, First Statement Filing at 4, 23, was the crux of ADR Vantage's theory from the start.

Additionally, the two challenged statements pertain directly to an important merits issue in *Gonzalez Ramos I*: whether Plaintiff suffered any damages from the torts he alleged ADR Vantage committed against him. *See* Second Statement Filing at 2 (explaining that Plaintiff included lost earnings in his itemized damages and then "never supplemented discovery and/or withdrew his claim for damages despite an ongoing obligation to do so" after he was reinstated at his job with back pay and benefits); First Statement Filing at 16–17 (moving for summary judgment based in part on the fact that Plaintiff suffered no damages because "[t]o the extent Plaintiff has alleged he lost his job as a result of the Climate Assessment Report . . . [,] the Merit [Systems] Protection Board has ordered his job to be reinstated with back wages paid").

The court need not weigh in on these competing narratives to conclude that the challenged statements were both made in the course of litigation and related to that litigation. The statements therefore are absolutely immune under the judicial-proceedings privilege. Plaintiff's claim for defamation per se must be dismissed.

## C.

The court's conclusion with respect to Plaintiff's defamation claim also disposes of his invasion-of-privacy and IIED claims. The court will discuss each in turn.

Plaintiff asserts a claim of invasion of privacy based on public disclosure of private facts. *See* First Am. Compl. ¶ 74; Pl.'s Opp'n at 7. The elements of a claim for invasion of privacy based

on public disclosure of private facts are "(1) publicity, (2) absent any waiver or privilege, (3) given to private facts, (4) in which the public has no legitimate concern, (5) and which would be highly offensive to a reasonable person of ordinary sensibilities." *Doe v. Bernabei & Wachtell, PLLC*, 116 A.3d 1262, 1267 (D.C. 2015) (internal quotation marks omitted). Here, Plaintiff's claim is based entirely on statements made by Defendants in court filings—the same statements that form the basis of his defamation claim. He alleges that Defendants "disclosed to the general public that as a result of the [Merit Systems Protection Board's] initial decision the USDA placed Plaintiff on administrative leave." First Am. Compl. ¶ 74. The judicial-proceedings privilege applies to invasion-of-privacy claims, as it does to defamation claims, that are based on statements made in the course of a judicial proceeding and related to the proceeding. *See King*, 240 F. Supp. 3d at 141; RESTATEMENT (SECOND) OF TORTS § 652F cmt. a (AM. L. INST. 1977) ("The circumstances under which there is an absolute privilege to publish matter that is an invasion of privacy are in all respects the same as those under which there is an absolute privilege to publish matter that is personally defamatory."). As discussed above, the challenged statements in this case were both made in the course of a judicial proceeding and related to that proceeding. The court therefore dismisses Plaintiff's invasion-of-privacy claim.

A similar analysis applies to Plaintiff's IIED claim. "In a claim for intentional infliction of emotional distress, a defendant will be liable only if he or she engages in (1) extreme or outrageous conduct[,] which (2) intentionally or recklessly causes (3) severe emotional distress to another." *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624, 628 (D.C. 1997) (internal quotation marks omitted). The "extreme and outrageous" conduct Plaintiff points to here is that Defendants "accused Plaintiff of government malfeasance or criminal activity" in the challenged statements in their *Gonzalez Ramos I* court filings. First Am. Compl. ¶ 84; *see also* Pl.'s Opp'n at

7. In other words, the conduct that forms the basis of his IIED claim is the inclusion of the two allegedly defamatory statements discussed at length throughout this memorandum. Plaintiff notes that "statements that are defamatory per se by their very nature are likely to cause mental and emotional distress." *Carey v. Piphus*, 435 U.S. 247, 262 (1978); Pl.'s Opp'n at 8. Be that as it may, the statements at issue remain subject to the judicial-proceedings privilege, and "Defendant cannot be held liable for them under what is effectively a defamation claim by a different name." *Gonzalez Ramos I*, 2021 WL 4462611, at *8.

## IV.

Finally, the court considers Plaintiff's motion to amend his complaint. Plaintiff seeks, specifically, to amend the complaint to (1) attach as an exhibit an email he obtained through the Freedom of Information Act and (2) incorporate references to the exhibit in the complaint. *See* Pl.'s Mot. to Amend at 2. The email was sent by Defendant Murphy to Vanessa Eisemann, a USDA employee. Pl.'s Mot. to Amend, Ex. A, ECF No. 14-2. John Truong, counsel for intervenor USDA in *Gonzalez Ramos I*, was copied on the email. *Id.* In the email, Murphy asked Eisemann whether there was "any documentation" she could share "showing the USDA has paid Plaintiff his back leave and placed him on admin leave," explaining that he wanted "something to use as an exhibit for [his] MSJ to show that [Plaintiff] has no damages." *Id.*

Leave to amend should be freely given, Fed. R. Civ. P. 15(a), but it need not be given where amendment would be futile, as when the proposed claim would not survive a motion to dismiss. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Reading Defendant's motion to dismiss through the lens of Plaintiff's proposed amendments, Pl.'s Mot. to Amend, Second Am. Compl., ECF No.

14-1 [hereinafter Proposed Second Am. Compl.], the court concludes that amendment here would be futile.

First, the proposed amendments do not add any allegations that support a claim against ADR Vantage; the amendments therefore would not change the outcome of the motion to dismiss as to ADR Vantage.

Second, the proposed amendments do not affect the grounds on which the court has dismissed Plaintiff's claims against Murphy and Walker Murphy: the applicability of the judicial-proceedings privilege to the underlying statements. The email does not alter the court's analysis as to the relatedness of the challenged statements to *Gonzalez Ramos I*—indeed, if anything, it is consistent with the court's conclusion that the challenged statements pertained to an important merits issue with respect to Plaintiff's tort claims (the presence of damages). Plaintiff alleges impropriety on the part of Murphy and Walker Murphy in terms of how they learned of Plaintiff's administrative leave, but that charge has no bearing on Plaintiff's specific claims and the applicability of the judicial-proceedings privilege to those claims.[2]

In sum, even with Plaintiff's amendments, his claims would not survive a motion to dismiss. Plaintiff's motion to amend his complaint is therefore denied.

V.

For the foregoing reasons, the court grants Defendants' Preliminary Motion to Dismiss Amended Complaint, ECF No. 11, in full and dismisses the complaint. Plaintiff's Opposed Motion

---

[2] Plaintiff alludes to the Privacy Act of 1974, 5 U.S.C. § 552(a), but he asserts no actual claim for violation of that Act. First Am. Compl. ¶¶ 38, 75; Proposed Second Am. Compl. ¶¶ 38, 75.

to Amend and Supplement First Amended Complaint by Interlineation, ECF No. 14, is denied.  A final, appealable order will follow.

Dated:  March 21, 2022

Amit P. Mehta
United States District Court Judge