UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JOEY D. GONZALEZ RAMOS,**<br><br>Plaintiff,<br><br>v.<br><br>**ADR VANTAGE, INC. et al.,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 21-cv-00592 (APM)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the court is a motion for sanctions filed against Plaintiff Joey D. Gonzalez Ramos by Defendants ADR Vantage, Inc. ("ADR Vantage"); its counsel, John Murphy; and his law firm, Walker, Murphy, and Nelson, LLP (collectively, "Defendants"). Defs.' Mot. for Rule 11 Sanctions, ECF No. 7. The motion arises out of a complaint filed by Plaintiff against Defendants for allegedly defamatory statements made in court filings in another case, *Gonzalez Ramos v. ADR Vantage, Inc.* (*Gonzalez Ramos I*), No. 18-cv-1690 (APM), 2021 WL 4462611 (D.D.C. Sept. 29, 2021). In *Gonzalez Ramos I*, Plaintiff sued ADR Vantage for allegedly defaming him and committing a number of other torts in publishing a climate-assessment report his employer, the United States Food and Drug Administration ("USDA"), hired it to create. *See id.* at *1. The court granted summary judgment in favor of ADR Vantage in *Gonzalez Ramos I* but denied a motion for sanctions filed by the defendant in that case. *Gonzalez Ramos I*, 2021 WL 4462611, at *9; *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2021 WL 4462411 (D.D.C. Sept. 29, 2021). The court has now dismissed Plaintiff's complaint in this follow-up action, Mem. Op.,

ECF No. 17 [hereinafter MTD Mem. Op.]; Order, ECF No. 18 [hereinafter MTD Order], and for the reasons that follow, it will also deny the motion for sanctions.

## II.

"By presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party "certifies that" the filing "is not being presented for any improper purpose," and that "the claims, defenses, and other legal contentions are warranted." Fed. R. Civ. P. 11(b). "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" for the violation. Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings, or that are filed to harass another party." *In re Carvalho*, 598 B.R. 356, 363 (D.D.C. 2019) (citations and internal quotation marks omitted).

## III.

Defendants advance two arguments for sanctions. Defs.' Mot. at 6. Neither is particularly well developed. First, Defendants argue that Plaintiff "knew before instituting the instant litigation that it was devoid of any good faith factual or legal basis." *Id.* (capitalization omitted). They assert that *Marsh v. Hollander*, 339 F. Supp. 2d 1 (D.D.C. 2004), squarely forecloses Plaintiff's claims and any good-faith basis for the litigation. Def.'s Mot. at 6. In that case, a court in this District concluded that allegedly defamatory statements made by defense counsel in a letter to the plaintiff were absolutely immune under the judicial-proceedings privilege and dismissed the plaintiff's defamation claims. *Id.* at 6–7. It explained that, under the privilege, "[s]tatements made in the course of judicial proceedings are protected by absolute immunity from defamation suits." *Id.* at 6. This court has concluded that the statements at issue in this case are subject to the same

privilege and has dismissed Plaintiff's complaint accordingly. MTD Mem. Op.; MTD Order. But the fact that claims in a complaint are not ultimately meritorious does not mean they are frivolous or automatically sanctionable. *Chandler v. Berlin*, No. 18-cv-2136 (APM), 2020 WL 5593905, at *3 (D.D.C. Sept. 18, 2020) ("Simply prevailing in an action is no basis to impute improper motives for the filing of a complaint."). *Marsh*, the sole case relied upon by Defendants in their motion, does not explicitly spell out the judicial-proceedings privilege's two requirements: that the statements were made in the course of a judicial proceeding and that they were related to that proceeding. *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006).[1] Here, Plaintiff made an unavailing but nonfrivolous argument that the second requirement was not met in this case. *See* MTD Mem. Op. at 5–8.

Defendants' claim that Plaintiff "knew" his lawsuit lacked any good-faith factual or legal basis dovetails with their second argument for sanctions: that "Plaintiff's pursuit of the instant litigation was done in bad faith" (i.e., that his complaint was filed for an improper purpose, *see* Fed. R. Civ. P. 11(b)). Defs.' Mot. at 6 (capitalization omitted). As evidence of bad faith, they point to the "rash of grievances . . . and lawsuits" Plaintiff has filed against the USDA, ADR Vantage, and now its counsel. *Id.* at 6. Of course, persistent litigiousness is not an automatic trigger for sanctions. And as the court has recognized in this memorandum and on previous occasions—including the last time ADR Vantage moved for sanctions against Plaintiff—he has "advanced colorable arguments on at least some of his claims." *Gonzalez Ramos*, 2021 WL 4462411, at *2. "The fact that Plaintiff's Complaint raised nonfrivolous claims is strong evidence that it was not filed for improper purposes." *Id.*; *see also Lipsig v. Nat'l Student Mktg. Corp.*, 663

---

[1] *Marsh*'s only reference to the relatedness requirement is in a parenthetical to a citation supporting the assertion that "[s]tatements made for the purpose of preparing for litigation, or . . . attempting to settle issues prior to commencing litigation[,] are covered." *Marsh*, 339 F. Supp. 2d at 6.

3

F.3d 178 (D.C. Cir. 1980) (observing that "the presence of merit in a claim or defense may well negate any notion of bad faith in its filing"); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (noting that "evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose"); *Chandler*, 2020 WL 5593905, at *3.[2]

The fact that Defendants sent Plaintiff a copy of the *Marsh* case to review before filing their sanctions motion does not change the outcome. *See* Defs.' Mot. at 6; *id.*, Ex. 1, at 3. Defendants suggest that this action supports their claims that Plaintiff filed this action in bad faith. *See* Defs.' Mot. at 6 ("The fact that Plaintiff did not even consider withdrawing said Complaint after a copy of . . . *Marsh* . . . was sent to him for review is all this Court needs to see to find bad faith."). But, as Defendants acknowledge, Defendants sent *Marsh* to Plaintiff after he filed his initial complaint; after Defendants sent the copy of *Marsh*, he filed an amended complaint that incorporated new allegations that the allegedly defamatory statements had "no relation to" *Gonzalez Ramos I*. First Am. Compl., ECF No. 10, ¶ 47. Such allegations, as the court has already noted, supported a nonfrivolous, if unpersuasive, argument that the allegedly defamatory statements were not subject to the judicial-proceedings privilege because they were not related to *Gonzalez Ramos I*.

Defendants assert that "Plaintiff's instant litigation against Defendants is . . . based solely upon animus and hatred toward the Defendants," Defs. Mot. at 7, but their four-page memorandum provides little substantive argument and no citations to cases entering sanctions under similar

---

[2] The court observes, as it did the last time it denied sanctions against Plaintiff, that "several circuits have interpreted Rule 11 to prohibit sanctioning a person for filing a complaint that raises non-frivolous claims, even if one of the plaintiff's multiple purposes in seeking that relief may have been improper." *Gonzalez Ramos*, 2021 WL 4462411, at *2 n.2 (alterations and internal quotation marks omitted); *see Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *Townsend*, 929 F.2d at 1362; *Nat'l Ass'n of Gov't Emps, Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 224 (5th Cir. 1988); *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir. 1988).

circumstances. Their conclusory statements that *Marsh* is "all this Court needs to see to find bad faith" and that "Defendants are clearly entitled to sanctions" are unpersuasive. *Id.* at 6. Based on the limited arguments Defendants have made, the court is disinclined to grant the "extraordinary" remedy of Rule 11 sanctions. *United States v. Sum of $70,990,605*, No. 12-cv-1905 (RDM), 2018 WL 4623568, *2 (D.D.C. Sept. 25, 2018).

## IV.

In sum, Defendants have not shown that the Complaint was filed for an improper purpose or without factual or legal merit. Accordingly, Defendant's motion for sanctions, Motion for Rule 11 Sanctions, ECF No. 7, is denied. This is a final, appealable order.

Dated: March 21, 2022

Amit P. Mehta
United States District Court Judge